OPINION
{¶ 1} Defendant-appellant Rodney Lee Nash appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of possession of cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 5, 2005, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11(A)(C)(4)(b), a felony of the fourth degree. Thereafter, on July 7, 2005, appellant filed a Motion to Suppress, arguing that there was no "reasonable suspicion present for which to detain him [appellant] or search his vehicle."
 {¶ 3} At his arraignment on July 29, 2005, appellant entered a plea of not guilty to the charge contained in the indictment.
 {¶ 4} Appellant refiled the same Motion to Suppress on August 16, 2005. A hearing on appellant's motion was held on September 7, 2005. The following testimony was adduced at the hearing.
 {¶ 5} On May 31, 2005, at approximately 7:40 p.m., Canton Police Officer Shawn Overdorf was sitting in a gang task force uniform in an unmarked car with Parole Officer Mike Beebe. The two had seen a white SUV matching the description of one owned by a parole violator, who they were looking for, named Devon Williams. After following the SUV, Officer Overdorf observed the driver of the vehicle commit several stop sign and turn signal violations. Officer Overdorf then called for a marked car to conduct a traffic stop. However, according to the officer, the driver of the white SUV "pulled over on his own stopped on Third Street." Suppression Transcript at 6. According to the officer, appellant, who was the driver of the SUV, pulled over and parked behind another vehicle.
 {¶ 6} Officer Overdorf then pulled behind the SUV and turned on his lights. When the officer asked appellant for his driver's license, appellant indicated that he did not have one. Appellant was then arrested for driving without a valid license. Officer Overdorf then had appellant step out of the SUV and patted appellant down for safety purposes before placing him in the rear of the unmarked car while waiting for appellant's car to be impounded.[1] As Officer Overdorf was writing up the traffic ticket, Parole Officer Beebe conducted an inventory search of the SUV prior to impoundment and found two bags of powder cocaine in the center console underneath the gear shift case and a bag of marijuana in the back seat.
 {¶ 7} On cross-examination, Officer Overdorf testified that he and Parole Officer Beebe were looking for a white SUV driven by Devon Williams and that appellant was driving a gray Tahoe.
 {¶ 8} At the conclusion of the testimony, the trial court overruled appellant's Motion to Suppress, stating, in relevant part, as follows:
 {¶ 9} "Well, the Court overrules the motion, finding the, ah, this is not a stop by an unmarked vehicle.
 {¶ 10} "This is basically, really appears to be almost a consensual initially interaction between the officer, ah, and the driver of the vehicle who has pulled over on his own. Ah, that there would have been a basis to pull the vehicle over, ah, there is nothing wrong with an unmarked vehicle, calling a marked vehicle and saying, Hey, we need your assistance, we're going to, we want you to pull over this thing, he's been violating the traffic laws.
 {¶ 11} "Nevertheless, the vehicle stopped, ah, they approached, they have a right to check it out and ask for a license and identification.
 {¶ 12} "There is no license. Ah, pursuant to policy, accordingly, there has to be an arrest effectuated. Ultimately there will be an inventory search, ah, resulting, as a result and that's when the contraband was found." Suppression Transcript at 16-17.
 {¶ 13} Subsequently, on September 19, 2005, appellant withdrew his former not guilty plea and entered a plea of no contest to the charge of possession of cocaine. As memorialized in a Judgment Entry filed on October 31, 2005, appellant was placed on three (3) years of community control under specified terms and conditions.
 {¶ 14} Appellant now raises the following assignment of error on appeal: 
 {¶ 15} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS." I
 {¶ 16} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Suppress. Appellant specifically contends that the trial court erred in finding that there was "no stop" effectuated by Officer Overdorf and in finding that the inventory search conducted by Parole Officer Beebe was proper. We disagree.
 {¶ 17} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S., (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.E2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 18} Both the Fourth Amendment to the United States Constitution and Article I, Sec. 14 of the Ohio Constitution prohibit unreasonable searches and seizures. An investigatory stop is permissible if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 21-22,88 S.Ct. 1868, 20 L.Ed.2d 889. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, cert. denied (1988),488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252.
 {¶ 19} However, when a police officer merely approaches a person seated in a parked car, no "seizure" of the person occurs so as to require reasonable suspicion supported by specific and articulable facts. State v. Johnston (1993), 85 Ohio App.3d 475, 478,620 N.E.2d 128. These encounters fall outside the Fourth Amendment. Id .
 {¶ 20} In the case sub judice, testimony was adduced at the suppression hearing that Officer Overdorf did not stop appellant's vehicle. Rather, as is stated above, at the suppression hearing, Officer Overdorf testified that appellant pulled over and parked of his own volition and that, after appellant did so, the officer pulled in behind appellant's stopped SUV. We note that Officer Overdorf's testimony was uncontested. Since no stop occurred, the Officer did not need reasonable and articulable suspicion to approach appellant's vehicle. See State v.Kegley (May 17, 1996), Ashland App. No. 95-COA-1126, 1996 WL 362802, in which this Court held that a stop had not occurred when a Patrolman pulled up behind a vehicle that was already stopped. See also State v.Woodgeard, Fairfield App. No. 01CA50, 2002-Ohio-3936 and State v.Kaercher, Licking App. No. 05-CA-47, 2006-Ohio-31.
 {¶ 21} Appellant also contends that the trial court erred in holding that the inventory search conducted by Parole Officer Beebe, rather than a police officer, was proper. Appellant notes that he was not a parolee.
 {¶ 22} R.C. 2901.01(A)(11) states, in relevant part, as follows: "Law enforcement officer" means any of the following:
 {¶ 23} "(b) An officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, a duty to conserve the peace or to enforce all or certain laws is imposed and the authority to arrest violators is conferred, within the limits of that statutory duty and authority; . . ."
 {¶ 24} We concur with appellee that Parole Officer Beebe, who was a law enforcement officer as defined above, was acting under his authority as a parole officer and as an agent of Officer Overdorf in conducting the inventory search. Furthermore, even assuming Parole Officer Beebe lacked authority to conduct the search because the appellant was not on parole, we find that the inevitable discovery rule applies. Such rule states, "illegally obtained evidence is properly admitted in a trial court proceeding once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation." State v. Perkins (1985), 18 Ohio St.3d 193, 196,480 N.E.2d 763. The drugs in appellant's car inevitably would have been discovered had the marked cruiser that Officer Overdorf called for arrived and conducted an inventory search prior to impoundment.
 {¶ 25} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 26} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Officer Overdorf testified that it was police department policy to impound the vehicle of a person who was driving under a suspended license.